{¶ 27} I concur in the majority's disposition of appellant's assignment of error but do so for a different reason.
 {¶ 28} Unlike the majority, I agree with the trial court Item V of the First Codicil to William H. Bland's Last Will and Testament did not, as a matter of law, require appellees pay all real estate taxes, insurance and maintenance on the subject property. Though a testator may condition the remainderman's interest upon payment of expenses during the life estate, and the remainderman may then elect to take or reject his remainder interest, I conclude the provision in the will sub judice was not sufficient to create a conditional remainder interest.[5]'[6]
 {¶ 29} The majority disagrees with the magistrate [trial court] and finds the testator made appellees' right to receive their remainder interest contingent upon the payment of the expenses. Nevertheless, the majority affirms the result reached by the magistrate [trial court] because the majority finds ". . . appellees are liable only up to the value of their interest and the Magistrate found that the grant of a remainder interest in this case does not provide any type of asset from which funds are thus made available for the remaindermen to fulfill the commands of the testator." Maj. Op. at 9.
 {¶ 30} The fact the will provides no assets from which funds are made available to the remaindermen to fulfill the condition (had a condition been properly set forth) does not relieve the remaindermen from their obligation to fulfill the condition prior to the vesting of their interest.
 {¶ 31} Likewise, whether the value of the remainder interest will exceed the payment of expenses during the life tenant's estate is speculative and does not relieve the remaindermen form their obligation to fulfill the condition [had a condition been properly set forth] prior to the vesting of their interest. Such speculation may cause the remaindermen to reject the interest but does not serve to eliminate the condition. However, because I find the will failed to establish a condition precedent, I concur in the decision to affirm the trial court.
[5] I concede it was the testator's intent appellees pay the expenses during appellant's life estate.
[6] Case v. Hall (1994), 52 Ohio St.2d, is consistent with our disposition because the language in the will under review therein was sufficient to create a condition precedent to the vesting of the remainderman's interest.